Rev. 7/06
CO llab Corp
AO 241 smd.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NORMAN ROBINSON
_____
NAME (Under which you were convicted)

04307-003
_____
PRISON NUMBER

FORT WORTH-FMC
_____
PLACE OF CONFINEMENT/ADDRESS
P.O. 15330
Fort Worth, Tx 76119
_____
_____

NORMAN ROBINSON,                                )
_____                )
(Full Name)              Petitioner            )
                                               )
                                               )
          v.                                   )    Civil Action No.:
ALBERTO GONZALES, ESQ., and                    )
HARLEY G. LAPPIN, DIR., (FBOP)                      Case: 1:07-cv-02214
_____                    Assigned To : Bates, John D.
(Name of Warden, Superintendent, Jailor, or        Assign. Date : 12/7/2007
authorized person having custody of petitioner)    Description: Habeas Corpus/2255
                Respondent

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner.  Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.

3. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee.  Your check or money order should be made payable to Clerk, U.S. District Court

1

(b)    And give date and length of sentence to be served in future: _____    Page 7

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐    Yes

☐    No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*Norman Robinson*

Petitioner's Signature

*11-29-07*

Date

UNITED STATES DISTRICT COURT
JUDICIAL DISTRICT OF COLUMBIA

**FILED**

DEC - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NORMAN ROBINSON

     Petitioner,

     vs.

ALBERTO GONZALES, ATTORNEY
GENERAL FOR THE UNITED STATES
OF AMERICA,  [or acting],

and

HARLEY G. LAPPIN, DIRECTOR OF
THE BUREAU OF PRISONS,

     Respondants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. _____

               **07 2214**

RE: No. ████████████

PETITION FOR
COMMON LAW WRIT OF
HABEAS CORPUS
BY A PERSON IN
FEDERAL CUSTODY

## CONVICTION UNDER REVIEW

1. Name and location of the court which entered the judgment of conviction under review:

   United States District  Court of Southern ALABAMA

2. Date of judgment of conviction was entered:  **May 1, 1991**

3. Case Number:  **90-00147-CB** .

4. Type and length of imposed sentence: _____ .

5. Are you presently serving a sentence imposed for a conviction other than the offense involved under review? [] Yes  **XX** No

6. Nature of the offense involved: _____

   Title 21 U.S.C. §846 .

7. What was your plea?  **X** Not Gulity [] gulity [] Nolo Contendere

8. If you entered a plea of guilty to one count of the indictment and a not guilty to another count in the indictment, give details.

   N/A

9. If you entered a plea of guilty pursuant to a plea bargin, state the terms and conditions of the agreeement:

   N/A

10. Kind of trial? XX Jury [] Non-Jury

11. Did you testify? [] Yes XX No

## DIRECT APPEAL

12. Did you appeal from the judgment of conviction? XX Yes [] No

13. If you did appeal give the name and location of the court's decision: 11th Circuit _____.

14. If you did not appeal, explain briefly why you did not appeal:
    N/A _____.

## post-CONVICTION PROCEEDINGS

15. Other than a direct appeal from judgment of conviction and sent-ence, have you previously filed any petition, application, or motion with respect to this judgment in any federal court? ____
    "Yes" _____.

16. If your answer to 15 was "Yes," give the following information:

## CLAIMS

17. State concisely every claim that you are being held unlawfully for. Summerize the facts supporting the claims. If necessary you may attach extra pages stating additional claims and sup-porting facts. You should raise in the application all claims for relief which relate to the conviction under review. In order to proceed in federal court, you ordinarily must exhaust administra-tive remedies available to you as to each claim on which you request action by the federal court.

    **CLAIM ONE:**
    **INEFFECTIVE ASSISTANCE OF COUNSEL**

1. Supporting Facts:
   Counsel failed ab initio to raise or challenge any of the issues presented herein.

2. Did you seek administrative relief as to claim one? [] Yes XX No

    **CLAIM TWO:**
    **LACK OF FEDERAL LEGISLATIVE JURISDICTION OVER THE LOCU IN QUO**

1. Supporting Facts:
   See, attached Memorandum of Law with Incorporated Points and Authorities.

2. Did you seek administrative relief as to claim two? [] Yes XX No

**CLAIM THREE:**

**LACK OF FEDERAL SUBJECT MATTER JURISDICTION OVER THE ALLEGED PROHIBITIVE CONDUCT WANT OF COMMERCE NEXUS**

1. Supporting Facts:
   See, attached Memorandum of Law with Incorporated Points and Authorities.

2. Did you seek administrative relief as to claim three? [] Yes XX No

**CLAIM FOUR:**

**Mis-APPLICATION OF FEDERAL LAW, WHERE SUCH IS UNENACTED UNPROG-ULGATED AND UNIMPLEMENTED**

1. Supporting Facts:
   See, attached Memorandum of Law with Incorporated Points and Authorities.

2. Did you seek administrative relief as to claim four?  [] Yes XX No

18. Do you have any petition, application, motion, or appeal now pending in any court either state or federal, regarding the con-viction under review?  XX Yes  [] No

19. State briefly why you believe that the remedy provided by **28 U.S.C §2255** motion to vacate sentence is inadequate or ineffective to test the legality of your detention.

**The Legislative-Territorial Court wherein the issue now complaine or arose, lacks the Constitutional authority to entertain and to adjudicate the issues herein thus a §2255 motion is inadequate and inappropriate.**

**WHEREFORE,** Petitioner, prays that the court **GRANT** him such

relief to which he may be entitled in this proceeding.

Dated: _11-29-07_ ,

Respectfully submitted by:

_Norman Robinson_

**NORMAN ROBINSON**

UNITED STATES DISTRICT COURT
JUDICIAL DISTRICT OF COLUMBIA

NORMAN ROBINSON,

      Petitioner,

vs.

ALBERTO GONZALES, ATTORNEY
GENERAL FOR THE UNITED STATES
OF AMERICA,

and

HARLEY G. LAPPIN, DIRECTOR OF
THE BUREAU OF PRISONS,

      Respondants.

No. _____

RE: No. 90-00147-CB

APPLICATION FOR
WRIT OF HABEAS CORPUS

BROUGHT IN THE NATURE OF
COMMON LAW WRIT OF
HABEAS CORPUS

**NOW COMES**, Norman Robinson, pro-se , Petitioner, in want of counsel, in the above styled action, (hereinafter "Petitioner"), and as for a Verified Petition For Writ of Habeas Corpus, shows the court as follows:

1.

That the relief sought herein is provided under the Law of Habeas Corpus, in Coomon Law, the Constitution and Stattues of the United States of America, and the Federal Civil Court Rules and Procedures. (see, attached Memorandum of Law with Incorporated Points and Authorities).

2.

That the Petitioner is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

3.

That, Petitioner, herein is incarcerated in a Federal Correctional institution, in violation of the Constitutional rights of the Petitioner herein, as set forth without restriction, in Article V, VI, VIII and XIV in Amendment of the Constitution of the United States, as amended AD 1791.

4.

That the said incarceration of Petitioner herein, was ordered by a United States District Court Judge, a copy of the Order of Charging Document/Indictment and Order of Judgment and Sentnece in such case is attached herein as Exhibit "A", to establish that the respondants named above in the caption area, is the proper parties to the instant case.

5.

That this Court has personal jurisdiction over the respondant(s) named in the caption area above in the nature of 28 U.S.C. Sec. 88; 49 Stat. 1921, June 25, 1936, and the 80th Congressional House Report No. 308, it is shown that the District of the United States for the District of Columbia, is a Constitutional Court, rather than a legis-lative-Territorial Court, and therefore is duly empowered under the Constitution to the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's original juris-diction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of Legislative-Territorail or Admiralty Jurisdiction over the locus in quo.

8.

That the government in want of Federal Subject Matter Jurisdiction by failing to charge or prove that the alleged prohibitive act trans-cended the borders of the sovereign state in violation of the Federal interstate  Commerce Clause.

9.

That there is no amendment to the Federal Constitution ratified by three-forths of the sovereign state to provide for nationwide jurisdiction and application of the Federal Statutory Provisions under which the Petitioner is charged.

10.

That the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, have not been promulgated in the Federal Register or possessed implementing authorities in the Code of Federal Regualtions, thus do not apply over private citizens.

11.

That to construe or to convert the instant non-authority **Common Law Writ Of Habeas Corpus** into a statutory pleading will be taken as denial of the pleading as submitted, thus, the sustainment of the unlawful incarceration of the Petitioner herein, causing injury and in the nature of **42 U.S.C. §1331, 1983, 1985, and 1986.**

12.

That the court is presumed to possess superior knowledge of law, thus the court could be deemed to know from the facts and the law presented and the proceeding before the court record, that the Petitioner herein is in violation of his **Constitutional Rights where the court** is compelled to provide a **Remedy-in-law** for relief from such unlawful custody.

**WHEREFORE,** in the nature of §2241 and §2243 of Title 28 of the United States Code (June 25, 1948 c. 646, 62 Stat. 965), the Petitioner herein requests the court to prepare and issue an Order directing the Respondant(s) to Show Cause within 3 days, from the date of service, why the instant **Common Law Writ of Habeas Corpus,** should not be GRANTED, where all issues presented are only questions of law. The Respondant(s) will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required.

the nature of the principle pronounced in 1 Stat. 122, May 26, 1970, Sec. 2 March 27, 1904, Stat. 298, Sec. 2 Petitioner executes the foregoing.

Date: _11-29-07_, 2007.    Respectfully submitted:

_Norman Robinson_

pressing similar views).  The failure of the government to include
in the indictment any charge that the Petitioner's conduct affected
Interstate or Intra-state, or any commerce was not cured by the cit-
ation of the Statutes.  In the sufficiency of an indictment it is
the statement of facts in the pleading rather than the Statutory Cita-
tion that is controlling.  See, **United States v. Wuco**, 535 F.2d 1225
(9th Cir. 1976) cert. den. 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586
(1976).  It is elementary that every ingredient of the crime must be
charged in the bill, with a general reference to the provisions of
the statute being  insufficient.  See, **Hale v. United States**, 89 F.2d
(4th Cir.) and **United States v. Berlin**, 472 F.2d 1002, 1007 (2nd Cir.
1973); also **United States v. Beard** 414 F.2d 1014, 1017 (3rd. Cir.)
This indictment under Title 21 U.S.C. §846 and 18 U.S.C. §2, fails
to allege a nexus between Petitioner's conduct and Interstate Commerce
in dealing with an indictment where no alleged commerce allegation
is made.  The Petitioner argues this court should hold that lack of
commerce allegation in the indictment, preclude it from considering
whether a conviction under **Title 21 U.S.C. §846 and 18 U.S.C. §2**, can
be sustained even if the government alleged and proved that the offense
had a nexus to commerce.  See, **United States v. Lopez**, at 2 F.3d 1342,
(the holding of the 5th Court of Appeals).

70.

The Federal Government failure to establish proof of other evidence
of jurisdiction or ownership over each and every geographic location
in which the alleged criminal activities took place divested the court
of jurisdiction over the subject matter and mandates reversal.  Where
the lands were never ceded over to the United States, and the location
which lie within the territorial boundaries of the states and not the
Federal Government.  Then the Federal Government lacks the  jurisdiction
over any criminal activities which lies therein.  Thus, the government
view's that Title 21 U.S.C. §846 and 18 U.S.C. §2, can be used and
applied to all crimes that occur any place or in any geographic loca-
tion, even though the statute lacks a commerce nexus, and the govern-
ment's failure to allege any effect on commerce or other basis for
jurisdiction, and not withstanding the states sovereign jurisdiction
over its territory, are contrary to the Constitution of the United
States.  Such a position would ask that this Court to infer that Con-
gressional Laws may be converted to genreal police power and authority

without statutory or Constitutional support which only the States may properly possess.

71.

It is a firmly established and accepted fact that the Federal Government's power, authority, and jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e. "territory, lands, property owned by the Federal Government over which jurisdiction has been ceded by the State Legislature." However, the Federal Government does not have the power, nor does the Constitution grant the power to punish persons for various other crimes over which jurisdiction is retained by the States. Preventing and prosecuting such various crimes is much the business of the States than the Federal Government. **Arizona v. Manypenny, 451 U.S. 232, 101 S.Ct. 1657.** It is of the utmost importance and relevance to note, retain, and embellish within the mind that the territorial jurisdiction of the United States is limited to the Federal Enclave. **United States v. Fessler, 781 F.2d 384, 386 (1986). In the instant matter, the facts and offense alleged do not conform with or meet any jurisdiction requirements described within and in the foregoing.** Thus, without proper jurisdiction of the subject matter, any prosecution or continuation of this matter is unlawful at its inception and duration. To bring the offenses within the jurisdiction of the Federal Courts, it must have been committed out of the jurisdiction of any State; it is not the offenses committed, but rather the place in which the offense is committed. **People v. Godfrey, 17 Johns 225** at 233. In the doctrine of "Lex Loci" or the "Law of the place" determines that standard of conduct and governs as to matters within the right of action. See, **Gray v. Blight, 112 F.2d 696.** While no one disputes the proposition that "the Constitution created a Federal Government of limited powers," **Gregory v. Ascroft, 501 U.S. 452 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991);** and that while the Tenth Amendment makes explicit "that the powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respective, or to the people."

72.

The argument is the division of authority between the State and Federal Government and the government's jurisdiction in sustaining convictions under the Federal Statutory Provisions in which the Petitioner is charged **Title 21 U.S.C. 846 and 18 U.S.C. §2,** the government' broader reading of these statutes would make a major inroad into the domain left to the States.  If power is delegated to Congress in the Constitution (such as those enumerated), the Tenth Amendment expressly disclaims any reservation of that power to the States.  If a power is an attribute of the States sovereignty (such as this one we are arguing), reserved by the Congress.  See, United States v. Oregon, 366 U.S. 643, 649, 6 L.Ed.2d 5¯5, 81 S.Ct. 1278 (1961).

73.

It is in this sense that the Tenth Amendment states but a truism "that all is retained which has not been surrendered." **United States v. Parby,** 312 U.S. 10, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941).  As Justice Story put it, "... this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution.  Being an instrument of limited and enumerated power, it follows irresistable, that what is not conferred is withheld and belongs to the States authority," 3.j. Story Commentaries on the Constitution of the United States 752 (1833).  The argument this Petitioner brings to this Court is the Federal Government did not have jurisdiction over the geographical location wherein the alleged prohibitive activity took place, in land, which were never ceded to the United States, the interstate commercial element becomes essential to establish jurisdiction and prove every element of the offense.  Applying the rational of the Supreme Court in Unit=d States v. **Mechanik,** 475 U.S. 66, 70, 106, S.Ct. 938, 941, 89 L.Ed.2d 50 (1989), and **United States v. Hooker,** 841 F.2d 1225, like the decision in Hooker cannot be applied here because the court had no jurisdiction to try Petitioner on a count which failed to expressly allege an effect on inter or intra-state commerce.  Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with interstate commerce.  This action by the prosecutor certainly deprive

the Petitioner the basic protection, which the guaranty of the inter-
vention of a Grand Jury was designed to secure.  For the defendant/
Petitioner could then be convicted on the basis of charges not found
by and perhaps not even presented to the Grand Jury, which indicted
him.  See, Orfield Criminal Procedure from Arrest to Appeal, 243.
Petitioner now asserts his Fifth Amendment Right of Due Process, in
arguing that he was never indicted by his Grand Jury for effecting
and commerce!  Thus, failure to present this element or state it in
the pleading of the indictment, preclude the Appellate Court from sus-
taining his conviction.  For all these above reasons, Petitioner asks
this Court to look carefully to the Constitution and the cited statutes,
Petitioner asks this Court to invoke the doctrine of State Decsisi:
when a court has once laid done a principle of law applicable to a
certain state of facts it will adhere to that principle, and apply
it to all future cases, where facts are substantially the same regard-
less of whether the parties are the same.  The doctrine of Stare Decsisi
provides the means by which courts assure that the law will not merely
change erratically but will develop in principle and intelligent
fashion; the doctrine permits society to presume the bedrock principles
are found in law rather than in the proclivities of individuals, and
thereby contributes to the integrity of our Constitutional system of
government in appearance and in fact.  Petitioner now invokes the doc-
trine of Stare Decisis in his argument herein, "Any departure from
the doctrine of Stare Decisis demands special justification."  Arizona
v. Rumsey, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984);
also see, Olson v. Kennedy, 456 U.S. 667, 691 n. 34, 72 L.Ed.2d 416,
102 S.Ct. 2083 (1982).  Stevens J. concurring in judgment.  Title 21
U.S.C. §846 and 18 U.S.C. §2, if Congress wanted these statutes to
be used outside of their territorial jurisdiction, such as anywhere
or any place then it would have drafted the needed provision, which
certainly would have included interstate commerce nexus that is required
"Federal criminal statute intended to be enforced within the States
exceeds Congress Commerce Clause authority."  To uphold the government's
arguments  and it's contention that it can bring criminal charges  for

crimes committed within a State is to convert Congressional authority
into police power, which is only within the authority of the States.
See, United States v. Lopez, No. 93-1260, (decided April 26, 1995).
In McCullough v. Maryland, 4 Wheat 316 (1819), the Federal Government
had to acknowledge that it can only exercise power granted to it.
The enumerated presupposes something not enumerated.  See, Gibbons
v. Ogden, supra. at 195.  The Constitution mandates that Congress can-
not give itself plenary police powers over the State territories.
Congress must  operate within the framework of what the Supreme Court
defines the law to be.  See, Marbury v. Madison, 1 Cranch 137.

74.

    That, defense counsel failed at the sentencing of the Petitioner
to raise or challenge that §3551 of Title 18 applies only to those
who according to the language of the statutes, supra had been found
guilty of any offense described in the Federal Statute ...other than
an Act of Congress applicable exclusively in the District of Columbia.
Acts of Congress (Federal Law) are defined and circumscribed under
Rule 54(c) Federal Rules of Criminal Procedure.  Implementing regulation
for 18 U.S.C. §3551 are at variance with their application in the in-
stant cause.  Where the instant matter is concerned, the accused
committed no violation of any properly enacted and duly promulgated
federal law within the legislative jurisdiction of the Federal United
States, nor within the parameters defined under the implementing reg-
ulation for the Federal Sentencing Provisions, thus, the Sentencing
Provisions set out under Parallel Tables of Authorities and Rules 1997
Edit. at page 733, it is found that the implementing regulations for
18 U.S.C. §3551 are set out under 43 C.F.R. 9260 Public Lands, Alaska,
36 C.F.R. 242-subsistence management regulations for public lands Alaska
and 50 C.F.R. 100, (same as 36 C.F.R. 242).  Where the instant matter
is concerned the accused committed no violation properly enacted and/or
duly promulgated federal law within the legislative jurisdiction of
the Federal United States, nor within the parameters defined under
the implementing regulations provisions, thus, the sentencing provisions
set out under 18 U.S.C. §3551 do not apply to the accused.

75.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (18 U.S.C. §3551) apply not to the Acts of Congress, which are applicable only in the District of Columbia. See, Rule 54(c).

76.

It may further be shown that the statutory provision, 18 U.S.C. §3551, is a variance with its published implementing, thereby creating ambiguity as to its lawful authority and applicability over the accused.

77.

An invalid unconstitutional, or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment of information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction; when an accused party is indicted under a not yet effective or unenacted statute, the charging document is void.

78.

The indictment or complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S., "Indictments and Information," §1 page. 833). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or misapplied if the charging document is void, the subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court, and renders all proceedings prior to the filing of a proper instrument void ab initio. 22 Corpus Juris Secundum, "Criminal Law," §334 pg. 390.

79.

One way in which a complaint, or indictment fails to charge a crime, is by its failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their case, thus fatally defective.

80.

The crux then of this whole issue of jurisdiction revolves around law, that is , the law claimed to be violated. If one is subject to

been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulation.

### 87.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

### 88.

The undersigned committed no violations of the Federal Inter-state Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a com-merce nexus. Thus, there is no showing of Federal Subject Matter jurisdiction.

### 89.

The locus in quo where the alleged prohibitive acts of the under-signed took place is a geographical location not within the legis-lative, Territorial or Admiralty jurisdiction of the Federal Govern-ment.

**WHEREFORE,** the Court should be compelled to find as a Matter of Law that the Petitioner committed no prohibitive acts within the legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute.

**THEREFORE,** the Petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional Rights by way of Judgment of the Court in want of jurisdiction, and the denial of the affective assistance of counsel. The Petitioner must therefore, by law, be released and discharged from Federal custody.

Date: _11-29-07_ , 2007.

Respectfully submitted:

_Norman Robinson_

Norman Robinson

///// - 40

IN THE UNITED STATES DISTRICT COURT

FOR THE

JUDICIAL DISTRICT COURT OF COLUMBIA

NORMAN ROBINSON,

      Petitioner/Plaintiff,

vs.

ALBERTO GONZALES, [or acting],
ATTORNEY GENERAL FOR THE
"UNITED STATES OF AMERICA,"

and
HARLEY G. LAPPIN, DIRECTOR OF
THE BUREAU OF PRISONS,

      Respondent(s)/Defendant(s)

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No._____

RE: No. 90-00147-CB

MEMORANDUM OF LAW WITH
INCORPORATED POINTS
AND
AUTHORITIES

IN SUPPORT OF COMMON LAW
WRIT OF HABEAS CORPUS

**BEFORE THIS HONORABLE COURT:**

    **COMES NOW,** Norman Robinson, in want of counsel, accused in the above referenced cause, and as for the Petitioner for the Common Law Writ of Habeas Corpus, shows this Honorable Court as follows:

1.

    That relief sought herein, is provided for under the Common Law the Constitution of the United States of America, as amended AD 1791, Article I §9 cl.2, and in the nature of Title 28 §2241, of the United States Code.

2.

    That this Honorable Court has personal jurisdiction over the respondents named in the caption area, supra., in the nature of D.C. code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both respondent(s) have their principle place of business within the District of Columbia.

///// - 1   MEMORANDUM OF LAW WITH INCORPORATED POINTS AND AUTHORITIES

3.

That in the nature of **Adam v. United States**, DK. No. 97-2263 (2nd. Cir. 1998); and **Benito Martinez**, Dk. No. (D.C. Columbia 2007), thecourt is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision. See, **United States v. Margan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with Incorporated Points and Authorities:

(a) The jurisdiction of Federal Courts is defined in the Constitution at Article III for judicial courts, in Article I for Legislative courts, and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts," where others are regarded as "Legislative Tribunals" 28 U.S.C. §88 District Court of Columbia, Act of June 7, 1934, 48 Stat. 926, and Act of June 25, 1936, 49 Stat. 1921, provided that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution. See, O'Donoghue v. United States, 289 U.S. 516 (1933), 77 L.Ed. 1356, 53 S.Ct. 74, Mookin vs. United States, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543. The Federal Trade Commission vs. Klesner, 274 U.S. 145 (1927) and Claiburne-Annapollis Ferry Co. vs. United States, 285 U.S. 382 (1932).

(b) That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c) That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress or an order, process, judgment or decree of a court or judge of the United States. And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d) That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Federal Regualtions, thus the legitimate application of such statutory provisions are restricted to application over federal government.

(e)  That the government has failed ab initio to establish federal subject amtter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the government s lack of Federal Legislative Territorial or Admiralty Jurisdiction over the locus in quo. The Petitioner argues that there is no presumption in favor of jurisdiction, where the basis for jurisdiction must be affirmatively shown on the face of the record. See, Hartford v. Davies, 16 S.Ct. 1051 (1896). The exclusive legislative jurisdiction of the federal governemnt is not addressed in principle to subject matter, but to geographical location. See, United States v. Beavens, 16 U.S. (3 Wheat) 336 (1818). It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location where the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained. See, United States v. Benson, 495 F.2d 481 (1946). Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived. See, United States v. Rogers, 23 F. 658 (DC Ark. 1885). In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in Fort Leavenworth Railroad v. Iowa, 114 U.S. 525 (1885). No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published

and filed on behalf of the United States as provided and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was immaterial. See, Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed.1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement. See, United States v. Johnson, 337 F.2d 180 (afrmd.) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed. 681 (cert. denied) 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2d 117. In the United States, there are two separate and distinct kinds of jurisdiction: the jurisdiction of the sstates within their own territorial boundaries, and then Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundaries of any given state. In contrast, Federal jurisdiction is extremely limited: in July of 1776, after declaring their independence, the New States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Article of Confederation. In Article II, it is expressly stated:

> "Each state retains its sovereignty freedom and independence, and every power, of jurisdiction and right which is not by this Confederation, expressly delegated to the United States, In Congress assemble."

8.

As the history of the Confederation Government has shown each state was indeed sovereign and independent to the degree that it made the Central Government created by the confederation fairly ineffectual. These defects of the Confederation Government strained the relation between and among the states and the remedy became calling a Constitutional Convention, the representatives which assembled at Philadelphia in May of 1787 to attend the Constitutional Convention met for the primary purpose of improving the commercial relations among the states, although

diction of the **Article of Confederation**.   The essence of this retention
of each state's jurisdiction is embodied in the Constitution at **Article
I Section 8 clause 17 of the Constitution of the United States of Ameria**,
which reads as follows:

> "To exercise exclusive legislation in all cases whatsoever over
> such districts (not exceeding Ten Miles Square) as may be cession
> of particular states, and acceptance of Congress becomes the seat
> of the government of the United States, and to exercise like auth-
> ority over places purchased by the consent of the legislature
> of the states in which the same shall be for the erection of forts,
> magazines, arsenals, dock-yards and other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution
was and is obvious.  Under the **Article of Confederation**, the states
retain full and complete jurisdiction over the lands and persons within
their borders.  Since the time of the ratification and implementation
of the present Constitution of the United States, the United States
Supreme Court and all lower courts have had many opportunities to con-
strue and apply these provisions of the Constitution.  The essence of
all these decisions is that the states of this Nation have exclusive
jurisdiction of property and persons located within their borders,
excluding such land and persons residing thereon which have been ceded
to the United States.  Perhaps one of the earliest decisions on this
point was in the **United States v. Beavens**, 16 U.S. Wheat 336 (1818).
This case involved a federal prosecution for murder committed onboard
the warship, Independence, anchored in the harbor of Boston, Massach-
usettes, the defense argued that only the state had jurisdiction to
prosecute and argued that the federal circuit courts had no jurisdiction
of this crime supposedly committed within the Federal Admiralty juris-
diction.  In the argument before the Supreme Court, counsel for the
United States admitted as follows:

> " The exclusive jurisdiction which the United States have in
> forts, dock-yards, ceded to them is derived from express
> assent of the states by whom the cessions are made.  It could
> be derived in no other manner; because without it, the author-
> ity of the states would be supreme and exclusive therein."
> 3 Wheat at 350, 351

In holding that the state of Massachusettes had no jurisdiction over the crime the court held:

"What then is the extent of jurisdiction which a state possess?"
"We answer, without hesitation the jurisdiction of a state is co-extensive with it's territory, co-extensive with it's leg-islative power." 3 Wheat at 386, 387
"It is observable that the power of exclusive legislation (which is jurisdiction) is united with cession of territory, which is to be the free act of states.  It is difficult to compare the two sections together, without feeling a conviction not to be strengthened by any commentary on them, that in describing the judicial power, the framers of our Constitution had not in view any cession of territory or, which is essentially the same of general jurisdiction."  3 Wheat at 388.

11.

Thus in Beavens, the court established a principle that Federal jurisdiction extends only over the areas wherein it possesses the power of exclusive legislation, and this is a principle incorporated into all subsequent decisions regarding the extent of Federal jurisdiction. To hold otherwise would destroy the purpose, intent and meaning of the entire Constitution of the United States.  One year later the Supreme Court of New York was presented with the same issue, of whether the state of New York had jurisdiction over a murder committed at Fort Niagara, a Federal Fort.  In People vs. Godfrey, 17 Johns 225 N.Y. (1819), that court held that the fort was subject to the juris-diction of the state since the lands therefore had not been ceded to the United States, the rationale of it's opinion stated:

"To oust this state of its jurisdiction to support and main-tain its laws and to punish crimes, it must be shown that an offense committed within the acknowledged limits of the state, is clearly and exclusively cognizable by the laws and courts of the United States.  In the case already cited Chief Justice Marshall observed that to bring the offense within the juris-diction of the courts of the union, it must have been committed out of the jurisdiction of any state."  It is not (he says) the offense committed but the place in which it is committed, which must be out of the jurisdiction of the state. 17 Johns, at 233  (emphasis added)

///// - 6

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Norman Robinson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~99996~~
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro se (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 04307-003

**DEFENDANTS**

Alberto Gonzales et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-02214
Assigned To : Bates, John D.
Assign. Date : 12/7/2007
Description: Habeas Corpus/2255

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZEN** ...
FOR PLAINTIFF ... ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY:

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— o —

| ☑ G. Habeas Corpus/ 2255 | ☐ H. Employment Discrimination | ☐ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☑ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. Labor/ERISA (non-employment) | ☐ L. Other Civil Rights (non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

_28 USC 2241 - WRIT OF Habeas Corpus_

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☑ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**     (See instruction)  ☐ YES  ☐ NO     If yes, please complete related case form.

**DATE** _12.7.07_     **SIGNATURE OF ATTORNEY OF RECORD** _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N